An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANDRES HERNANDEZ MENDOZA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65337

**FILED**

NOV 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is a proper person appeal from an order of the district court denying a motion to withdraw a guilty plea.[1] Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Appellant filed a motion to withdraw a guilty plea on January 7, 2014. In his motion, appellant claimed that his guilty plea was invalid because he was not properly informed that he was ineligible for probation.

This court has recently held that a post-conviction petition for a writ of habeas corpus is the exclusive remedy to challenge the validity of a guilty plea after sentencing and that a post-conviction motion to withdraw a guilty plea should be construed as a post-conviction petition for a writ of habeas corpus. *See Harris v. State*, 130 Nev. ___, ___, 329

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37432

P.3d 619, 628 (2014). NRS chapter 34 bars petitions that are successive, abusive, and/or are filed more than one year after the filing of the judgment of conviction where no direct appeal was taken, unless the petitioner can demonstrate good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(2), (3); *see also State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory.").

Here, the district court did not discuss the procedural bars from NRS chapter 34 or refer to the fact that appellant's motion was filed more than four years after the filing of the judgment of conviction on May 27, 2009. As discussed in *Harris*, the district court should have construed appellant's motion as a post-conviction petition for a writ of habeas corpus and then permitted appellant a reasonable time period to cure any defects with respect to the procedural requirements of NRS chapter 34. *See* 130 Nev. at ___, P.3d at 628-29. We therefore reverse the decision of the district court and remand for the district court to construe the motion as a post-conviction petition for a writ of habeas corpus and to provide appellant an opportunity to cure any defects within a reasonable time period as set by the district court. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Abbi Silver, District Judge
       Andres Hernandez Mendoza
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]We have considered all proper person documents filed or received in this matter. We conclude that appellant is only entitled to the relief described herein. This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.